[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action originally filed by the plaintiff Lonnie Myers d/b/a L's Construction Company, Inc. to foreclose a mechanic's lien filed on the real property of the defendant, East Park Associates Limited Partnership ("East Park Associates") which lien was dated September 29, 1986.
Additional named parties against whom the lien was filed were the defendants Domenic Rosa and John A. Errichetti Associates as contractors/agents for the owners of the property. Also named as defendants in this action are John A. Errichetti who was a general partner of East Park Associates and Robert T. Narkis who together with Errichetti and Errichetti Associates were the record owners of the property from October 1985 until its transfer to East Park Associates on February 12, 1986.
All defendants filed appearances in this action and East Park Associates filed an application for the dissolution of the mechanic's lien upon the substitution of a bond. An order dissolving the lien on substitution of a bond in the sum of $75,000.00 with the Travelers Indemnity Co. as surety was entered on June 25, 1987.
The plaintiff Lonnie Myers died on June 24, 1987 and the Administratrix of his estate, Delea Myers, filed a motion to be substituted as a party plaintiff on January 21, 1988 and this was granted by the court on February 24, 1988.
Travelers was ordered cited in on December 23, 1988. The case against Robert J. Narkis was withdrawn by the plaintiff on May 12, 1989 and an amended complaint was filed on May 16, 1989.
An answer to the amended complaint and a disclosure of defense was filed by Rosa dated August 2, 1989 and August 8, 1989 respectively. An answer and special defenses were filed on behalf of Errichetti, Travelers, Errichetti Associates and East Park Associates on August 15, 1989.
This action was assigned to the undersigned as a court case for hearings on November 8-9, 1989 despite the fact that the case has been claimed for a trial by jury prior to that date. The trial was recessed after the receipt of testimony on those dates to permit the plaintiff to ascertain whether or not one Alma Shaw would be available for court testimony or for deposition. Hearings were resumed on April 19, 1991 when it was determined CT Page 7130 that Alma Shaw was medically unfit to testify at either a deposition or trial. Final testimony was presented on April 23, and 24, 1991. When the court became aware of the prior jury claim on April 23, 1991, the parties orally withdrew the jury claim and agreed to the presentation of the whole trial to the undersigned State Trial Referee. Final arguments were presented by counsel on April 24, 1991 and the parties submitted briefs to the court. Domenic Rosa on May 31, 1991, Errichetti, Errichetti Associates, Travelers Indemnity Co. and East Park Associates Limited Partnership on May 23, 1991 and the plaintiff July 3, 1991.
At the outset it must be admitted that the plaintiff was faced with difficult problems of proof caused by the death of Lonnie Myers on June 25, 1987 which was approximately two (2) months after the return date of this action. Also, the physical disability of Alma Shaw, the secretary and bookkeeper for Lonnie Myers and her unavailability to testify regarding the dealings with the various projects for which Mr. Myers was engaged in Farmington, Scott Road and Lincoln Street and the break-down of the payments relative to each operation increased the plaintiff's problems. The plaintiff was further hampered by the fact that Mr. Myers didn't have an office where he maintained his business records. Apparently they were kept in his truck.
Another complication was the involvement of L's Construction Company, Inc. which was formed by Larry Atchinson and Lonnie Myers to bid on minority jobs. L's Construction Company, Inc. was dissolved by action of the Secretary of State on March 15, 1985. The address of L's Construction Co. Inc. was the home of Larry Atchinson. After its dissolution as set forth above, Lonnie Myers continued to conduct business under the name of L's Construction Co., Inc. He used the letter head of L's Construction Co., Inc. Larry Atchinson, who contended he had no partnership with Lonnie Myers after the dissolution of the corporation by the Secretary of State, deposited checks made payable to L's Construction, Inc. and he used that account for his own transactions. There were many financial interrelationships between Myers and Atchinson. He contends he advanced monies to Myers and that he gave Myers money so that Myers could pay his help. "I gave him a lot of money because he (Myers)-couldn't get any money from Dom (Rosa)" but he maintained Myers was never in his business. He stated he didn't know why he endorsed some checks to Lonnie Myers. He issued a check dated December 14, 1986 to Lonnie Myers in the amount of $5,000 and one dated November 11, 1985 for $2,000 and one dated September 24, 1986 for $2,500 and one dated November 25, 1985 for $4,000 payable to L's Construction. (See Defendant's Exhibit #11).
The mechanics lien that the plaintiff is attempting to foreclose was filed in the name of L's Construction Company, Inc. CT Page 7131 and it was signed by Lonnie Myers as president of L's Construction Company, Inc. It states that the work commenced on October 19, 1985 on a project on Scott Road, Waterbury, Connecticut. However, Plaintiff's Exhibit A shows an invoice dated October 2, 1985 for work performed before that date. Also, an invoice dated October 30, 1985 concerned labor and trucks also prior to the October 19, 1985 date. Those two invoices are in the amounts of $5,768 and $11,148. The lien was for work performed between October 19, 1985 and the _______ day of July, 1986. The July 1, 1986 invoice lists $2,793 for the Scott Road project and $12,577.50 for the Lincoln Street project.
In view of the position taken by the court relative to the proof of the amounts claimed by the plaintiff as hereinafter set forth, the court will not address the claim of the defendants regarding the standing of the individual plaintiff to prosecute this action on the mechanics lien filed by the plaintiff under the name of the corporation, L's Construction Co., Inc.
The mechanic's lien by its own terms states that work commenced on October 19, 1985 on a project on Scott Road, Waterbury, Connecticut. Some of the invoices in Plaintiff's Exhibit A pertain to work allegedly performed prior to that date. It is also noted that some of the invoices concern themselves with trucking charges of Lonnie Myers on the Lincoln Street project owned by the defendant Rosa (See Plaintiff's Exhibit A invoice dated 7/1/86 for $12,577.50 and invoice dated August 21, 1986 in the amount of $2,520.00).
A recapitulation letter sent by Lonnie Myers on L's Construction Co., Inc. letterhead sets forth Scott Road charges claimed by her in the total amount of $33,048. It is undisputed that Lincoln East Corporation, a corporation owned by the defendant Domenic Rosa was a general contractor for the Scott Road project and he was also the general contractor on a project owned by him on Lincoln Street in Waterbury. The Errichetti defendants had no connection with the construction of the Lincoln Street project.
The court concludes that the plaintiff has failed to prove by a fair preponderance of the evidence that the trucking of the material to the Scott Road project from the Lincoln Street project site was for the benefit of the Scott Road project rather than the Lincoln Street project.
Whereas the plaintiff's recapitulation letter claims $33,048 for services rendered on the Scott Road project and whereas the evidence disclosed that checks were transmitted by Domenic Rosa to Larry Atchison and L's Construction as follows: CT Page 7132
Check# Date Amount Payee Indorsement — ---- ---- ------ ----- ----------- 1035 1/8/86 $10,000 Larry Atchinson Larry Atchinson Lonnie Myers
1030 12/23/85 $10,000 L's Construction For Deposit Only L's Construction
1058 1/30/86 $10,000 L's Construction L's Construction Lonnie Myers
1076 2/28/86 $11,000 L's Construction For Deposit Only L's Construction
The court must conclude that the plaintiff is not entitled to a judgment in his favor on the mechanic's lien here in question. The plaintiff must rely on the strength of his own case and not upon any weakness in the defendant's case.
The court comments upon the expertise displayed by counsel for all parties to this litigation and states that it was impressed with the dedication and perseverance of plaintiff's counsel in the presentation of the claim of a deceased client for the benefit of his estate.
In view of the above, however, judgment must therefore be entered for all the defendants.
O'BRIEN, STATE TRIAL REFEREE.